LAW OFFICES
# ABER, GOLDLUST, BAKER & OVER
(An association of Law Practices)
702 KING STREET, SUITE 600
PO BOX 1675
WILMINGTON, DELAWARE 19899-1675

GARY W. ABER, P.C.
PERRY F. GOLDLUST, P.A.*
DARRELL J. BAKER, P.A.
SUSAN C. OVER, P.C.
SHAUNA T. HAGAN

(302) 472-4900
TELECOPIER (302) 472-4920

*ALSO ADMITTED IN NEW YORK
** ALSO ADMITTED IN PENNSYLVANIA

February 1, 2006

The Honorable Kent A. Jordan
United States District Court
844 King Street
Wilmington, DE 19801

RE: Faulkner v. MBNA
C.A. No.: 05-213 (KAJ)

Dear Judge Jordan:

Pursuant to Your Honor's Scheduling Order, this represents the status report by the attorneys in this matter.

As Your Honor may recall, this matter was filed as a pro se complaint by the plaintiff after she received her first "Right to Sue Letter" on a claim based upon the "Americans With Disabilities Act", 42 U.S.C. §12101 et.seq. At the time the complaint was filed it was for a failure to accommodate a disability (missing left hand) which allegedly resulted in discipline and denial of promotions. However, since the original charge with the EEOC was filed, the plaintiff filed three, perhaps four additional charges, and the defendant has now terminated the employment of the plaintiff, an event which was not contemplated by the original EEOC charge. As you are aware, litigation under Title VII is restricted to the scope of the those matters set out in the original EEOC charge.

Thus, the scope of the complaints and potential litigation in this matter have now expanded significantly over that which was originally contained in the EEOC Charge. That is, what was merely a complaint about failure to promote and fair discipline has progressed to one claiming termination of employment, based upon a failure to accommodate.

The parties have discussed amongst themselves how to handle the expanded nature of this case, given the additional charges. Two possible solutions have been discussed. First, that the present action be stayed until the EEOC issues Right to Sue Letters on the remaining charges, which have been requested by the plaintiff. Alternatively, it has been suggested that the parties merely stipulate to treat this litigation as if a Right to Sue Letter had been issued on all charges and to proceed accordingly. The defendant after consulting with her client has stated that they wish all administrative proceedings to be concluded before proceeding on the issues raised by the additional charges filed by the plaintiff. I have, based upon that request contacted the EEOC and,

pursuant to the statute, demanded "Right to Sue Letters" be issued prior to any findings by the EEOC in order move this matter forward.

  In any case, it seems that the nature of the lawsuit and its complexity has increased significantly, which may require alteration of the scheduling order.

  Thank you for Your Honor's consideration.

              Respectfully,

              /s/ Gary W. Aber

              Gary W. Aber

GWA/mac
cc: Teresa A. Cheek, Esquire