# YOUNG CONAWAY STARGATT & TAYLOR, LLP

TERESA A. CHEEK
DIRECT DIAL: (302) 571-6676
DIRECT FAX: (302) 576-3286
tcheek@ycst com

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P O BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(302) 571-1253 FAX
(800) 253-2234 (DE ONLY)
www youngconaway com

February 1, 2006

VIA E-FILE

The Honorable Kent A. Jordan
United States District Court for the District of Delaware
Lockbox 10
844 King Street U.S. Courthouse
Wilmington, Delaware 19801

> Re:　Faulkner v. MBNA,
> C.A. No. 05-213-KAJ

Dear Judge Jordan:

It has just come to my attention that the status report, which I understood was going to be filed by Plaintiff's counsel on behalf of both parties, has not been filed. Accordingly, I write on Defendant's behalf to provide information about the status of the case.

As Your Honor may recall, this matter was filed as a pro se complaint by Plaintiff after she received her first "Right to Sue Letter" on a claim based upon the Americans With Disabilities Act, 42 U.S.C. §12101, *et seq*. When the complaint was filed it alleged a failure to accommodate a disability (missing left hand), which allegedly resulted in discipline and denial of promotions. However, since the original charge with the EEOC was filed, Plaintiff has filed four additional charges, and Plaintiff's employment with defendant has terminated, an event which was not contemplated by the original EEOC charge. As the Court is aware, litigation under Title VII and the ADA is restricted to the scope of the those matters set out in the original EEOC charge. Plaintiff would like to include all her claims, including termination of her employment, in one action.

The parties have discussed how to handle the situation, given the additional charges. Plaintiff wishes to stipulate to treat this litigation as if a Right to Sue Letter had been issued on all charges and to proceed accordingly. Defendant will not stipulate to amend the complaint to include the new matters until the EEOC issues Right to Sue Letters (which plaintiff has now requested) on the remaining charges, so that Defendant is not placed in the position of litigating the same claims in both a judicial and an administrative forum simultaneously.

Plaintiff has suggested that if the nature of the lawsuit changes, the scheduling order may need to be amended.

Defendant has continued to have problems with Plaintiff's non-responsiveness to her discovery obligations. Defendant served discovery requests on November 28, 2005, and, to date,

DB01:1981565 1　　　　　　　　　　　　　　　　　　　　　　　　　　009626 1044

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Kent A. Jordan
February 1, 2006
Page 2

Plaintiff has failed to respond in any way. In addition, Plaintiff has produced no documents, even in connection with her Rule 26(a) disclosures. It appears that Defendant may need to seek the Court's intervention again in connection with discovery this matter.

Respectfully yours,


/s/ *Teresa A. Cheek*
Teresa A. Cheek
Del. Bar ID No. 2657


cc:    Gary Aber, Esquire (via e-file)