IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEMETRIAS FAULKNER, | ) |
| Plaintiff, | ) ) |
| | ) C.A. No.: 05-213 |
| v. | ) |
| | ) TRIAL BY JURY DEMANDED |
| MBNA AMERICA BANK, N.A., | ) |
| | ) |
| Defendant. | ) |

## SECOND AMENDED COMPLAINT

### THE PARTIES

1.  The plaintiff, Demetrias Faulkner (hereinafter referred to as "Plaintiff") is a resident of the State of Delaware, residing in New Castle County.

2.  The defendant MBNA America Bank, N.A. (hereinafter referred to as "MBNA") is an entity organized and existing as a federally chartered bank, whose agent for service of process is the corporation itself at 1100 N. King Street, Wilmington, DE 19801.

3.  At all times relevant, the defendant MBNA, as continuously now has 15 or more employees for each working day, for each of the 20 or more calendar weeks in current or preceding calendar year.

4.  The defendant, MBNA was at all times pertinent, prior to the discharge of the plaintiff, the employer of the plaintiff.

5.  At all relevant times the defendant, MBNA, has continuously been engaged in an industry effecting commerce within the meaning of the ADA §101(5), 42

U.S.C.§12111(5), and ADA §107(a), 42 U.S.C.§11217(a), which incorporates by reference §701(g)-(h) of Title VII, 42 U.S.C.§§2000e(g)(h).

6.    At all relevant times, the defendant MBNA has been a covered entity under the ADA, §101(2), 42 U.S.C.§12111(2).

## JURISDICTION AND VENUE

7.    This Court has jurisdiction over the "Americans With Disabilities Act" claims, pursuant 28 U.S.C. §1331 and 28 U.S.C. §1343. This Court has jurisdiction over ancillary matters pursuant to 28 U.S.C. §1367.

8.    This action is authorized and instituted pursuant to §107(a) of the "Americans With Disabilities Act" of 1990 ("ADA") (42 U.S.C. §12101 et. seq, which incorporates by reference §706(f)(1) & (3) of the Civil Rights Act of 1964 ("Title VII"), and 42 U.S.C.§§2000e-5(f)(1)(3), and pursuant to §102 of the Civil Rights Act of 1991, 42 U.S.C.§1981(a).

9.    Venue for all causes of action stated herein lies in the District of Delaware, under 28 U.S.C.§1331, and the acts alleged as the basis for these actions took place within the boundaries of this district, although facts relevant to these proceedings may have also taken place in the State of Maine.

## PREREQUISITES

10.    The plaintiff, Faulkner, has met the prerequisites for filing suit under the ADA on March 29, 2004 (EEOC No: 17CA400366, Attached as Ex. No I); July 12, 2004,(EEOC No.: 17CA400568, Attached as Ex. No. 2); October 8, 2004 (EEOC No. 17CA400175, Attached as Ex. No. 3) and on June 30, 2005 (EEOC No. 17CA400436, Attached as Ex. No. 4) the plaintiff has filed charges "The Charges" simultaneously with

the Delaware Department of Labor and the Equal Employment Opportunity Commission alleging that she has been discriminated against under a violation of Title I of the ADA.

11. The Equal Employment Opportunity Commission has issued a "Dismissal and Notice of Rights" on February 20, 2005 with regards to the March 29, 2004 (EECO No. 17CA4000366 charge Attached as Ex. No. 5). The Equal Opportunity Employment Commission issued a "Dismissal and Notice of Rights" dated January 4, 2006 with regards to the July 12, 2004 EEOC No.: 17CA400568, Attached as E. No. 6), which was received by the plaintiff on January 9, 2006. . The Equal Employment Opportunity Commission has issued a "Dismissal and Notice of Rights" on January 30, 2006, with regards to the Charge dated June 30, 2005 (EEOC No. 17CA400436, copy of which is attached hereto as Exhibit No. 7). The Equal Opportunity Commission has also issued a "Dismissal and Notice of Rights" on January 30, 2006, with regards to the Charge for the periods of October 4, 2004 through October 8, 2004 (EEOC No. 17CA400175, a copy of which is attached hereto as Exhibit No. 8. The plaintiff has also filed EEOC Charge No.170-2005-03133 (attached as Exhibit No. 9).

12. The plaintiff has requested Right to Sue Letters from the EEOC on the remaining charges.

13. Plaintiff filed suit in this matter within 90 days of the receipt of the "Notice of Right to Sue" with regards to the March 29, 2004 charge.

### FACTUAL ALLEGATIONS

14. The plaintiff was born with only one hand, as a result of a birth defect, and does not have a left wrist, left hand, or fingers.

15. As the result of the lack of a left hand, the plaintiff is substantially limited in the major life function of lifting, grabbing, holding, manipulating objects with her hands, that is fine physical dexterity, and has only one hand in which to perform such tasks.

16. The plaintiff was hired by the defendant on or about June 26, 2000 as a Billing Dispute Analyst.

17. In the course of the plaintiff's job, the plaintiff was required to utilize a keyboard, for which she had only one hand.

18. When the plaintiff was first hired by the defendant, she was able to meet performance standards at the rate of 8 cases per hour.

19. Subsequent to her being hired, and successfully meeting her performance standards, the defendant increased the performance standards for her job from 8 cases per hour to 9 cases per hour, and subsequently, to 10 cases per hour.

20. Despite the increases in production requirements, the plaintiff continued to meet her quality and accuracy standards, such quality and accuracy standards being in excess of 90%.

21. However, because of the substantial limitations the plaintiff has in physical dexterity, having only one hand, she was not capable of meeting the production requirements as they were increased.

22. The plaintiff requested a reasonable accommodation from the defendant, in the form of voice recognition software for her computer, and/or a reasonable accommodation in the form of a transfer to a job that did not require the use of two hands.

23. While the defendant attempted to provided inappropriate voice recognition software for the plaintiff's computer, nevertheless, the plaintiff could not meet her production requirements, as they were increased by the defendant.

24. As a result of the plaintiff's inability to meet the revised and increased production requirements she was placed on corrective action notice/reports, a form of discipline, including a "Plan for Success", because the plaintiff was not meeting the newly established quotas.

25. Plaintiff was capable of performing the essential functions of her job at the time she was hire. However, because of increasing quotas, the plaintiff could not perform the essential functions of her job without reasonable accommodation.

26. Co-workers, "who were not handicap" in the same positions as me, who did not meet their increased quotas within a six-month time span did not receive disciplinary action, and in fact, were promoted to supervisory positions.

27. The defendant's attempt to accommodate my disability, by giving me a voice activated typewriter, proved to be technically faulty, and inadequate. When the plaintiff notified the defendant of the inadequacy of the attempted accommodation, her requests were ignored.

28. Essentially, because of the inability to meet <u>increased</u> departmental performance standards in the number of cases per hour, the plaintiff was <u>initially denied promotion and transfer to a job, which she could do with only one hand, and was ultimately</u> dismissed from her employer on September 19, 2005.

## COUNT I

### Violation of Americans With Disabilities Act

29. The plaintiff incorporates herein and makes a part hereof the allegations contained in paragraphs 1 through 30.

30. The actions of the defendant in failing to make a reasonable accommodation of the plaintiff's disabilities in violation of the Americans With Disabilities Act, 42 U.S.C. §12112(b)(5)(a).

31. The actions of the defendant in failing to provide reasonable accommodation to the plaintiff are in violation of the Americans With Disability Actions 42 U.S.C. §12112(b)(5)(a).

32. The actions of the defendant in terminating the employment of the plaintiff and refusing to provide a reasonable accommodation of either effective voice recognition software, or a transfer to a job that did not require two hands were all in violation of the Americans With Disability Actions 42 U.S.C. §12112(b)(5)(a).

33. At all times herein, the actions of the defendant have been committed in bad faith.

34. As a direct and proximate result of the defendant's discriminatory conduct, the plaintiff has suffered severe emotional distress, humiliation, emotional pain and suffering, mental anguish and other non-pecuniary losses.

35. As a direct and proximate result of the defendant's discriminatory conduct, the plaintiff has incurred lost wages and benefits.

36. As a further direct and proximate result of the defendant's discriminatory conduct, the plaintiff incurred and will continue to incur medical expenses related to her emotional distress.

37. The defendant, by its actions, willfully, maliciously, and intentionally, with reckless indifference discriminated against the plaintiff in violation of the Americans With Disabilities Act, 42 U.S.C.§11212, and in doing so, is subject to punitive damages.

### COUNT II

38. The plaintiff incorporates herein and makes a part hereof the allegations contained in paragraphs 1 through 39.

39. The defendant, MBNA by and through its actions of its agents, servants and employees retaliated against the plaintiff, and discharged the plaintiff for requesting a reasonable accommodation in violation of 42 U.S.C.§12203.

WHEREFORE, the plaintiff requests judgment in her favor as follows:

a. Award lost wages, both for past lost wages and future lost wages constituting such damages as the Court deems appropriate, and front pay.

b. Directing the defendant pay to the plaintiff all reasonable medical expenses incurred by the defendant's actions.

c. Direct that the defendant pay to the plaintiff reasonable sums of money to compensate the plaintiff for her pain and suffering.

d. Direct that the defendant pay to the plaintiff reasonable sums as punitive and exemplary damages.

e. Award to the plaintiff her attorney fees, litigation expenses, and all reasonable Court costs.

f.    Award injunctive and equitable relief in the form of reinstatement and/or front pay.

g.    Such other and further relief that this Court shall deem appropriate.

ABER, GOLDLUST, BAKER & OVER

/s/ Gary W. Aber
GARY W. ABER (DSB #754)
702 King Street, Suite 600
P.O. Box 1675
Wilmington, DE 19899
(302) 472-4900
Attorney for Plaintiffs

DATED: May 26, 2006

## CERTIFICATE OF SERVICE

I undersigned hereby certifies that two copies of the attached pleading were hand delivered to the following on May 26, 2006:

>Teresa A. Cheek
>Young Conaway Stargatt & Taylor LLP
>1000 West Street, 17 Floor
>P.O. Box 391
>Wilmington, DE 19899

>/s/ Melissa A. Chionchio
>Melissa A. Chionchio
>Secretary to Gary W. Aber, Esquire