IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DEMETRIAS FAULKNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-213-KAJ |
| | ) | |
| MBNA AMERICA BANK, N.A., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER TO PLAINTIFF'S
SECOND AMENDED COMPLAINT

Defendant MBNA America Bank, N.A. hereby answers Plaintiff's second amended complaint as follows:

1. Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of this allegation, and therefore denies it.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. This allegation states a conclusion of law as to which no answer is required.

8. This allegation states a conclusion of law as to which no answer is required.

9. This allegation states a conclusion of law as to which no answer is required.

10. Denied, except it is admitted that plaintiff filed charges of discrimination against defendant, copies of which are attached to the complaint as Exhibits 1 through 4, and which speak for themselves.

11. Denied, except it is admitted that the United States Equal Employment Opportunity Commission has issued to plaintiff various documents entitled "Dismissal and Notice of Rights," copies of which are attached to the complaint as Exhibits 5 through 8, and which speak for themselves. It is further admitted that Plaintiff filed EEOC Charge No. 170-2005-03133, a copy of which is attached to the complaint as Exhibit No. 9.

12. Admitted.

13. Admitted.

14. Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of this allegation, and therefore denies it.

15. Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of this allegation, and therefore denies it.

16. Admitted.

17. Admitted.

18. Denied as stated; by way of further answer, when plaintiff was first hired by defendant, she was able to meet the performance standards for her billing disputes analyst job by processing an average of at least 7 cases per hour.

19. Denied as stated; by way of further answer, after defendant implemented new more efficient billing disputes case management software, defendant gradually increased the performance standard for the billing disputes analyst position to 7.5 cases per hour in March 2002, to 8.5 cases per hour in June 2002, to 10.0 cases per hour in April 2003 and to 10.5 cases per hour in September 2004.

20. Denied.

21. Denied.

22. Denied, except it is admitted that plaintiff requested that defendant provide her with voice recognition software for her computer.

23. Denied, except it is admitted that defendant provided voice recognition software as requested by plaintiff.

24. Denied, except it is admitted that plaintiff was from time to time placed on a "Plan For Success" that included extra training and coaching to help her meet the performance standards for her job, and it is further admitted that plaintiff met the cases per hour performance standards for her job for nine of the 26 months of plaintiff's active employment with defendant during which her performance was measured.

25. Denied, except it is admitted that plaintiff was capable of performing the essential functions of her job at the time she was hired.

26. Denied.

27. Denied.

28. Denied, except it is admitted that plaintiff's employment with defendant ended on September 19, 2005.

29. Defendant incorporates by reference its answers to paragraphs 1-28 of the complaint as though fully set forth herein.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Defendant incorporates by reference its answers to paragraphs 1-37 of the complaint as though fully set forth herein.

39. Denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. All actions taken by defendant were taken for legitimate non-discriminatory business reasons.

3. Plaintiff has failed to mitigate her damages in whole or in part.

4. Defendant complied fully with the Americans With Disabilities Act by providing: (1) a telephone and headset so that Plaintiff could make hands-free calls; (2) an ergonomic evaluation of Plaintiff's work station; (3) a lap tray; (4) a back rest; (5) a foot rest; (6) a touch pad computer mouse; (7) voice recognition software for her computer; (8) a split keyboard with dual touchpads; and (9) a different headset with a splitter box to use with the voice recognition software. Plaintiff, despite having been reasonably accommodated, did not consistently achieve the standards that all employees were required to meet.

5. Plaintiff has failed to exhaust her administrative remedies.

6. Plaintiff failed to cooperate with Defendant's efforts to reasonably accommodate her alleged disability.

7. Plaintiff did not request a transfer as a reasonable accommodation of her alleged disability.

WHEREFORE, Defendant demands that the Complaint be dismissed, with costs assessed against Plaintiff.

                                      YOUNG CONAWAY STARGATT & TAYLOR, LLP

                                      __/s/ *Teresa A. Cheek*_____  
                                      Teresa A. Cheek, Esquire (No. 2657)  
                                      Margaret M. DiBianca, Esquire (No. 4539)  
                                      The Brandywine Building, 17th Floor  
                                      1000 West Street, P.O. Box 391  
                                      Wilmington, Delaware 19899-0391  
                                      Telephone: (302) 571-6676  
                                      Facsimile: (302) 576-3286  
                                      Attorneys for Defendants

Dated: May 31, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEMETRIAS FAULKNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 05-213-KAJ |
| | ) |
| MBNA AMERICA BANK, N.A., | ) JURY TRIAL DEMANDED |
| | ) |
| Defendant. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2006, I electronically filed a true and correct copy of the foregoing Defendant's Answer to Plaintiff's Second Amended Complaint and this Certificate of Service with the Clerk of the Court using CM/ECF. A copy of such Answer and Certificate of Service were also mailed, First Class Mail, postage prepaid to the following counsel for Plaintiff:

        Gary W. Aber Esquire
        Aber, Goldlust, Baker & Over
        702 King Street, Suite 600
        P.O. Box 1675
        Wilmington, DE 19899-1675

        YOUNG CONAWAY STARGATT & TAYLOR, LLP

        /s/ *Teresa A. Cheek*
        Teresa A. Cheek, Esquire (No. 2657)
        Margaret M. DiBianca, Esquire (No. 4539)
        The Brandywine Building, 17th Floor
        1000 West Street, P.O. Box 391
        Wilmington, Delaware 19899-0391
        Telephone: (302) 571-6676
        Facsimile: (302) 576-3286
        Attorneys for Defendants

Dated: May 31, 2006