IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEMETRIAS FAULKNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 05-213-KAJ |
| | ) |
| MBNA AMERICA BANK, N.A., | ) JURY TRIAL DEMANDED |
| | ) |
| Defendant. | ) |

DEFENDANT'S ANSWER TO PLAINTIFF'S
THIRD AMENDED COMPLAINT

Defendant MBNA America Bank, N.A. hereby answers Plaintiff's second amended complaint as follows:

1. Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of this allegation, and therefore denies it.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. This allegation states a conclusion of law as to which no answer is required.

8. This allegation states a conclusion of law as to which no answer is required.

9. This allegation states a conclusion of law as to which no answer is required.

10. Denied, except it is admitted that plaintiff filed charges of discrimination against defendant, copies of which are attached to the complaint as Exhibits 1 through 4, and which speak for themselves.

11.    Denied, except it is admitted that the United States Equal Employment Opportunity Commission has issued to plaintiff various documents entitled "Dismissal and Notice of Rights," copies of which are attached to the complaint as Exhibits 5 through 8, and which speak for themselves. It is further admitted that Plaintiff filed EEOC Charge No. 170-2005-03133, a copy of which is attached to the complaint as Exhibit No. 9.

12.    Admitted.

13.    Admitted.

14.    Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of this allegation, and therefore denies it.

15.    Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of this allegation, and therefore denies it.

16.    Admitted.

17.    Admitted.

18.    Denied as stated; by way of further answer, when plaintiff was first hired by defendant, she was able to meet the performance standards for her billing disputes analyst job by processing an average of at least 7 cases per hour.

19.    Denied as stated; by way of further answer, after defendant implemented new more efficient billing disputes case management software, defendant gradually increased the performance standard for the billing disputes analyst position to 7.5 cases per hour in March 2002, to 8.5 cases per hour in June 2002, to 10.0 cases per hour in April 2003 and to 10.5 cases per hour in September 2004.

20.    Denied.

21.    Denied.

22. Denied, except it is admitted that plaintiff requested that defendant provide her with voice recognition software for her computer.

23. Denied, except it is admitted that defendant provided voice recognition software as requested by plaintiff.

24. Denied, except it is admitted that plaintiff was from time to time placed on a "Plan For Success" that included extra training and coaching to help her meet the performance standards for her job, and it is further admitted that plaintiff met the cases per hour performance standards for her job for nine of the 26 months of plaintiff's active employment with defendant during which her performance was measured.

25. Denied, except it is admitted that plaintiff was capable of performing the essential functions of her job at the time she was hired.

26. Denied.

27. Denied.

28. Denied, except it is admitted that plaintiff's employment with defendant ended on September 19, 2005.

29. Defendant incorporates by reference its answers to paragraphs 1-28 of the complaint as though fully set forth herein.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Defendant incorporates by reference its answers to paragraphs 1-37 of the complaint as though fully set forth herein.

39. Denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. All actions taken by defendant were taken for legitimate non-discriminatory business reasons.

3. Plaintiff has failed to mitigate her damages in whole or in part.

4. Defendant complied fully with the Americans With Disabilities Act by providing: (1) a telephone and headset so that Plaintiff could make hands-free calls; (2) an ergonomic evaluation of Plaintiff's work station; (3) a lap tray; (4) a back rest; (5) a foot rest; (6) a touch pad computer mouse; (7) voice recognition software for her computer; (8) a split keyboard with dual touchpads; and (9) a different headset with a splitter box to use with the voice recognition software. Plaintiff, despite having been reasonably accommodated, did not consistently achieve the standards that all employees were required to meet.

5. Plaintiff has failed to exhaust her administrative remedies.

6. Plaintiff failed to cooperate with Defendant's efforts to reasonably accommodate her alleged disability.

7. Plaintiff did not request a transfer as a reasonable accommodation of her alleged disability.

WHEREFORE, Defendant demands that the Complaint be dismissed, with costs assessed against Plaintiff.

                          YOUNG CONAWAY STARGATT & TAYLOR, LLP

                          */s/ Teresa A. Cheek*
                          Teresa A. Cheek, Esquire (No. 2657)
                          Margaret M. DiBianca, Esquire (No. 4539)
                          The Brandywine Building, 17th Floor
                          1000 West Street, P.O. Box 391
                          Wilmington, Delaware 19899-0391
                          tchee@ycst.com
                          Telephone: (302) 571-6676
                          Facsimile: (302) 576-3286
                          Attorneys for Defendant

Dated: September 26, 2006

NOTICE OF SERVICE

I hereby certify that on September 26, 2006, I electronically filed a true and correct copy of the foregoing Defendant's Answer to Plaintiff's Third Amended Complaint with the Clerk of the Court using CM/ECF. A copy of Defendant's Answer to Plaintiff's Third Amended Complaint and Notice of Service was also hand delivered to the following counsel for Plaintiff:

> Gary W. Aber Esquire
> Aber, Goldlust, Baker & Over
> 702 King Street, Suite 600
> P.O. Box 1675
> Wilmington, DE 19899-1675

> YOUNG CONAWAY STARGATT & TAYLOR, LLP

> /s/ Teresa A. Cheek
> Teresa A. Cheek, Esquire (No. 2657)
> Margaret M. DiBianca, Esquire (No. 4539)
> The Brandywine Building, 17th Floor
> 1000 West Street, P.O. Box 391
> Wilmington, Delaware 19899-0391
> tcheek@ycst.com
> Telephone: (302) 571-6676
> Facsimile: (302) 576-3286
> Attorneys for Defendant

Dated: September 26, 2006